Andrew McClain, J.,
delivered the opinion of the Court..
This is án action of replevin brought by Mankin, as trustee, against Fletcher, a deputy sheriff, for three bales of cotton.
*163 This cotton, while growing, was conveyed by deed of trust to the plaintiff, by Vm, H. Mankin, to secure two creditors — Matthias Hoover and John Mankin.
After it was matured, and had been ginned, the bar-gainor, Vm. H. Mankin, in company with an agent of plaintiff, was hauling it to Nashville to sell it, when the defendant, being a deputy sheriff, and having an execution from the Supreme Court, seized the cotton; and said at the time, that he was making his levy to satisfy this execution.
The charge of the Court does not appear in the record; and the only ground insisted on for a reversal is, that the Court erred in its rulings upon the testimony.
At the trial, the defendant produced an execution from the Supreme Court against the bargainor in the trust, and Vm. H. Mankin; and proposed to prove that he had this execution in his possession at the time of the seizure of the cotton. This he was not allowed to do; and he excepted to this ruling of the Court.
On this execution is this indorsement:
“Issued 10th Nov., 1865.
“Came to hand 23rd Nov., 1865, too late to execute.”
“Vm. H. Blanch, Sheriff,
It appears from the proceedings in the present suit, that the cotton was replevied on the 21st Nov., 1865.
This indorsement shows that the return day of the execution had not passed when the cotton was seized.
Although it appears from this indorsement, that the sheriff had not received the execution when the seizure *164 was made; yet this faet ought not to have precluded the deputy sheriff, the defendant, from stating that, in point of fact, he had the execution in his possession at the time he seized the cotton.
Let the judgment be reversed,, and the cause re-mandédi